UNITED STATES DISTRICT

COURT DISTRICT OF OREGON

EUGENE DIVISION

SHERRY P.,[1]

          Plaintiff,

   v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

Case No. 6:23-cv-00501-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Sherry P. seeks judicial review of the final decision by the Commissioner of

Social Security ("Commissioner") denying plaintiff's application for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33. This

court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§

405(g). For the reasons set forth below, that decision is AFFIRMED.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on proper

legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of
plaintiff's last name.

§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 17, 2019, through her date last insured, December 31, 2019. Tr. 21. At step two, the ALJ determined plaintiff suffered from the following severe impairments: diabetes with peripheral neuropathy and spine disorder. *Id*.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 23 The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff has the capacity to perform medium work, with the following exertional limitations: she can occasionally climb ramps, stairs, ladders, ropes and scaffolds; can frequently balance, but can occasionally stoop, kneel, crouch, and crawl; can frequently overhead reach, handle, finger, and feel bilaterally; and cannot be exposed to vibrations or hazards. *Id*.

At step four, the ALJ found plaintiff was able to perform her past relevant work as a real estate agent. Tr. 27. Thus, the ALJ concluded plaintiff was not disabled.

## DISCUSSION

Plaintiff argues that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting her subjective symptom testimony. Pl. Br. 4. According to plaintiff, her testimony should be fully credited as true. *Id*.

## I.    Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."

*Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an

individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff allegations of disability stem largely from a 2019 accident wherein she was struck by a moving vehicle while walking through a shopping center parking lot. Tr. 101. According to plaintiff, she received a significant concussion from the impact, resulting in memory loss and loss of physical functioning. Tr. 104. At the hearing, plaintiff testified that she was unable to walk normally for a year. Tr. 107. She testified that the car accident resulted in significant pain throughout her entire torso, loss of memory, and "muscle wasting." Tr. 106-07. In a written statement, plaintiff said that "movement of any kind creates level 10 pain." Tr. 269. She testified that she drives "very little" and needs help completing most household chores. Tr. 112, 272. Plaintiff testified that when she goes out alone, she must use a cane or walker, and her pain limits her ability to focus. Tr. 272-73.

The ALJ concluded plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. Tr. 24. Specifically, the ALJ noted that the objective medical evidence was inconsistent with plaintiff's symptom allegations. *Id*. The ALJ pointed out that plaintiff had a history of noncompliance with medical treatment, but that when she followed treatment recommendations, her symptoms improved. Tr. 25. The ALJ further noted that plaintiff's daily activities indicated a "higher degree of functioning" than she alleged." *Id*.

A.      **Objective Medical Evidence**

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). The lack of supporting objective medical evidence is insufficient, by itself, to justify discounting a claimant's testimony. *See, e.g., Tammy S.*, 2018 WL 5924505, at *4  (citing *Reddick*, 157 F.3d at 722) ("the Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence."). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498 (emphasis in original); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record).

Here, the ALJ reasonably concluded that plaintiff's symptom allegations were inconsistent with the objective medical evidence and supported this conclusion with substantial evidence. For example, the ALJ noted that, although plaintiff at times exhibited weakness and mildly impaired coordination, at other exams, plaintiff had normal range of motion, sensations, reflexes, and motor strength. Tr. 25 (citing Tr. 331, 360, 448, 452, 465). Furthermore, the ALJ pointed out that, despite plaintiff's claims of constant debilitating pain, she was often noted to be pleasant and in no acute distress during medical examinations. *Id*. (citing Tr. 350, 354, 364, 1195). *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (normal presentation and demeanor at medical exams can show inconsistency with claims of disabling symptoms).

Plaintiff contends the ALJ harmfully mischaracterized her testimony, arguing that while the ALJ "asserted that plaintiff testified 'that it took her a year to ambulate again,'" she "actually testified she was not able to ambulate <u>normally</u> for a year." Pl. Br. 8 (emphasis in original). The ALJ's omission of the word "normally" does not invalidate the ALJ's assessment of plaintiff's testimony. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ provided multiple examples in the record to support his conclusion that plaintiff's testimony about her ability to walk was inconsistent with the medical evidence. For example, the ALJ observed that, on October 2, 2019, plaintiff appeared in a wheelchair at an appointment with a new primary care physician, complaining of "no strength in her legs" and complete inability to complete daily activities. Tr. 25 (citing Tr. 446). Yet, on October 14, 2019, plaintiff reported to providers that she was "baseline" independent in her activities of daily living, and could move without assistive devices, although she had been "having falls at home." *Id*. (citing Tr. 425). On October 18, 2019, exam records indicate plaintiff had "5/5 strength," a normal gait, and was able to "ambulate without assistance." Tr. 327, 331. Thereafter, at her next primary care appointment on October 28, 2019, plaintiff was "walking" with a "rather good mindset." *Id*. (citing 440). By November 27, 2019, plaintiff was still walking and making progress with physical therapy. *Id*. (citing Tr. 431). As such, the ALJ's conclusions that plaintiff's symptom allegations are inconsistent with the medical evidence are a reasonable reading of the record.

## B.    Activities of Daily Living

The ALJ also discounted plaintiff's symptom testimony because it was inconsistent with her daily activities. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills," or (2) where the activities "contradict [a claimant's]

testimony." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The Ninth Circuit has found that activities such as using public transportation, shopping, preparing meals, performing household chores, performing personal care, socializing with friends, and watching television and playing video games for sustained periods may undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

The ALJ reasonably concluded that plaintiff's daily activities were not consistent with her symptom allegations. In her written functional report, plaintiff reported that movement of any kind causes "level 10 pain," and she cannot be up for more than two to four hours at a time. Tr. 269-76. The ALJ determined that plaintiff's self-reported ability to prepare meals, care for a pet, grocery shop, drive, and engage in light housework indicated a higher degree of functioning than she alleged. Tr. 25 (citing Tr. 269-76). Indeed, plaintiff's claim that movement of any kind creates "level 10" debilitating pain is inconsistent with activities far less demanding than those plaintiff described in her functional report. *Molina*, 674 F.3d at 1104. Thus, the ALJ did not err in concluding plaintiff's daily activities exceeded her purported capabilities.

### C.    Medical Noncompliance

The ALJ rejected plaintiff's symptom testimony because she was noncompliant with medical treatment recommendations. When a claimant's treatment history demonstrates noncompliance with recommended courses of treatment, it suggests that their symptom testimony is less consistent with the medical record and therefore less reliable. SSR 16-3p, 2017 WL 5180304, at *9. The Ninth Circuit has held that noncompliance with treatment

recommendations is a permissible basis for discounting a claimant's symptom testimony. *See Chaudry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

The ALJ pointed to medical records describing plaintiff as "very dramatic about needing help" but then refusing to take her prescribed insulin. Tr. 25-26. Indeed, as the ALJ noted, plaintiff was frequently noncompliant with her medical treatment, including refusing to take prescribed medications for diabetes and blood pressure, and refusing medical testing such as routine blood draws. Tr. 25, 332, 355, 364, 368, 372, 431, 440. Plaintiff's refusal to comply with medical advice and treatment recommendations led to all physical rehabilitation facilities refusing to admit her. Tr. 532. Plaintiff's primary care physician described that plaintiff did not believe that her diabetes was a "priority for her," despite treatment with insulin and IV fluids. Tr. 431. Plaintiff also declined recommended electrodiagnostic testing for diabetic neuropathy. Tr. 1202-03. In sum, this was a valid reason for discounting plaintiff's testimony.

### D.    Medical Opinions

Plaintiff objects to the ALJ's use of the agency doctors' opinions as "untimely" and flawed due to "cherry pick[ing]." Pl. Br. 13. Plaintiff similarly argues that the consultative examiner's December 2020 opinion is untimely and "not retroactive." *Id*. However, plaintiff fails to explain why the ALJ's reliance on these opinions is erroneous, or direct the court to any specific portion of the record to support her claims or develop her argument beyond this assertion of error. Without more, the court cannot conclude the ALJ erred. *See Williams v. Berryhill*, 728 F. App'x 709, 711 (9th Cir. 2018) (holding plaintiff did not demonstrate error when she failed to provide an explanation as to what legal error the ALJ committed); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.").

**ORDER**

The Commissioner's decision is AFFIRMED.

DATED September 30, 2024.

                                                        /s/ Youlee Yim You
_____
                                                        Youlee Yim You
                                                        United States Magistrate Judge